UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALVIN JOSEPH VICKNAIR, JR.**                     **CIVIL ACTION**

**VERSUS**                                         **NO. 24-1982**

**40TH JUDICIAL DISTRICT**                         **SECTION "B"(5)**
**COURT ET AL**

## ORDER & REASONS

Considering *pro se* litigant Alvin Joseph Vicknair, Jr.'s self-labeled "motion for writ of mandatory injunctions: command to answere by court of record" [sic] (Rec. Doc. 16),

**IT IS HEREBY ORDERED** that the motion and captioned case are **DISMISSED**.

The captioned case has never been properly opened because Mr. Vicknair has never paid the filing fees or presented a motion to proceed as a pauper, as required by the Clerk of Court's notice of deficiency and directive dated September 6, 2024. *See* Rec. Doc. 5, 10.

Additionally, he has not filed a plausible or coherent complaint. In the September 6th Order (Rec. Doc. 10), this Court gave him until October 4, 2024, to file a complaint or the matter would be "dismissed and closed without further notice." Rec. Doc. 10 at 1. On September 30, 2024, he filed several "notices" (Rec. Docs. 11, 12, 13, 14, and 15), an objection (Rec. Doc. 17), and the instant motion (Rec. Doc. 16); however, the order remains unsatisfied.

According to Federal Rule of Civil Procedure 3, a civil action is commenced upon the filing of a complaint with the Court. Fed. R. Civ. P. 3. For plaintiff to successfully begin a civil action, the plaintiff's compliant must be in compliance with Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a). As there has been no sufficient filing thus far, despite various attempts, we cannot discern a properly filed complaint in this record. As this Court has stated previously, without a proper complaint, relief sought by the plaintiff — be it in this motion for a writ of mandatory

1

injunctions or otherwise—cannot be evaluated by the Court and must be dismissed. *See* Rec. Doc. 10. However, in liberal consideration of what has been filed, we will venture into further review.

This matter arises from and is duplicative of previously filed and dismissed actions between the same parties. The catalyst for all actions stems from Mr. Vicknair's state court auto accident case.[1] In December 2011 he sought mandamus relief for the same reasons as here against the instant state court defendant[2] and others for alleged violations of constitutional and statutory laws, e.g. Americans with Disabilities Act. His petition essentially sought reversal of the state court's dismissal of the auto accident case.[3] See Civil Action No. 11-3053, Rec. Doc. 1, pp. 1-2. That petition was dismissed because it was as here overly verbose, repetitious, and highly unintelligible and not compliant with court orders. Id. at Rec. Docs. 9 and 22. Rule 8 of the Federal Rules of Civil Procedure requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," among other things. It must be enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Further, these pleadings must be "simple, concise, and direct." Fed. R. 8(d)(1). The Fifth Circuit has recognized that "[t]here may be cases in which mere verbosity would justify final dismissal." *Jumonville v. Dep't of Treasury*, 50 F.3d 1033, *2 (5th Cir. 1995) (quoting *Atwood v. Humble Oil & Refining Co.,* 243 F.2d 885, 889 (5th Cir. 1957), *cert. denied,* 355 U.S. 829 (1957)). Similar claims were also presented by Mr. Vicknair in a 17-page petition against parties who were part of the aforementioned auto accident case. See Civil Action No. 12-24, Rec.

---

[1] Citing the Eleventh Amendment, petitioner voluntarily dismissed a related federal lawsuit against various state officials on May 21, 2010. Vicknair v. State of Louisiana, No. 08-cv- 384 (M.D. La. 2009), Rec. Doc. 10-2, p. 16.
[2] Generally, state courts and local governmental offices as defendants are not legal entities capable of suing or being sued. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991).
[3] Under the Rooker-Feldman doctrine, "federal district courts lack jurisdiction to entertain collateral attacks" on state-court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994); *see Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Relief from the state trial court's dismissal should have been sought from within the state appellate court system.

Doc. 1. Those claims were also dismissed for similar reasons as given in the 2011 action. Id. at Rec. Doc. 17. As noted in the prior dismissal orders, the opportunities for an amendment would again be futile gestures. Subsequent appeals were also dismissed for want of prosecution. Id. at Rec Doc. 20; CA No. 11-3053, Rec. Doc. 25.

In liberal construction of a myriad of possibilities presented in his many filings, to the extent relief is perchance sought by this private citizen-litigant to enforce criminal statutes, he has no standing to institute or enforce such statutes. See *Gill v. State of Tex.*, 153 F. App'x 261, 262–63 (5th Cir. 2005) (unpublished) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)).

Liberally construing again this pro se submitted matter, its references to "treason", and objections to the court and judge as agent of an "inferior" authority over "Alvin Joseph Vicknair, Jr. 'KING of COMMON LAW" are nonsensical and lack factual or legal support. Presumably, those assertions are made in response to above-noted dismissals of his claims before this Court. While generally empathetic over the mental disabilities that Mr. Vicknair might endure, we cannot ignore cited requirements of the Federal Rules of Civil Procedure or interpretations of same in relevant case precedents cited above. Nor can we ignore his repetitive filing of pleadings that have been found by other judges to be frivolous, meritless, noncompliant with court orders, and/or failing to state plausible claims for relief. Given the instant review and previously dismissed actions involving instant subject matters and other grounds, the invitation for an amendment would be a futile gesture.[4] Moreover, future filings of frivolous, repetitive and/or harassing pleadings are

---

[4] Mr. Vicknair has also filed 8 other suits in the Eastern District of Louisiana with the following dispositions:
Vicknair v. Daley et al, CA #14-1561 Dismissed by Judge Berrigan for failing to state plausible claim, Rec. Doc. 16;
Vicknair v. St John the Baptist Parish Utilities et al, CA #15-646 Dismissed by Judge Barbier as unintelligible, noncompliant with Rule 8, and meritless, Rec. Docs. 36 and 41;
Vicknair v. USA et al, CA #15-1027 Dismissed by Judge Lemelle per judicial immunity and meritless, Rec. Doc.3;
Vicknair v. USA et al, CA #15-1134 Dismissed by Judge Zainey per judicial immunity and frivolous, Rec.Doc. 4;

subject to consideration of the imposition of sanctions.

"No one, rich or poor, is entitled to abuse the judicial process." *Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981) (citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)), *cert. denied*, 454 U. S. 1087, 102 S.Ct. 646, 70 L.Ed.2d 623 (1981). "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Id*. (citing *Green v. Camper*, 477 F. Supp. 758, 770-71 (W.D. Mo. 1979)). A district court, therefore, has an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants. *Ruston v. Dall. Cnty., Tex.*, No. 07-1076, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008). A *pro se* litigant has "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Because of this litigant's continued filing of frivolous, incoherent, repetitive claims and flagrant abuse of the processes available to him, the Court hereby informs him that future similar filings regarding this same matter against these same defendants may result in sanctions, including dismissal, monetary penalties, and restrictions on his ability to file actions in this Court without prior leave of the Court.

New Orleans, Louisiana this 29th day of October 2024

Senior United States District Judge

---

Vicknair v. 40th Judicial District Court et al, CA #15-1383 Dismissed by Judge Africk for failing to show cause, Rec. Doc. 5;
Vicknair v. St John Baptist, CA #97-3690 Dismissed by Judge Clement for failure to state plausible claim for relief, Rec. Doc. 29;
Vicknair v. Williston Financial Group National Title Insurance Company et al, CA #24-707 Dismissed by Judge Morgan for failure to comply with notices of deficiently filed pleadings, Rec. Doc. 6;
Vicknair v. United States District Court Eastern District of Louisiana et al, CA #24-1077 Dismissed by Judge Morgan for failure to comply with Clerk of Court Office's notice of deficiency, Rec. Doc. 5.